444 A.2d 753

**Michael KLEIN, Appellant,**

v.

**Mark RAYSINGER, 600 Corp. t/a Neptune Inn, Michael Gilligan and Mr. and Mrs. William T. Gilligan.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1981.

Filed April 16, 1982.

Petition for Allowance of Appeal Granted June 29, 1982.

Joseph P. Ryan and John Paul Curran, Philadelphia, for appellant.

John O'Rourke, Norristown, for appellees.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

Appellant, Michael Klein, filed a personal injury action in tort against appellee, Mark Raysinger, and others as a result of an automobile accident. Preliminary objections in the form of a demurrer were filed and sustained. This appeal followed. We affirm.

The facts which are undisputed are as follows:

On or about May 8, 1978, appellant was operating a motor vehicle on the Pennsylvania Turnpike which was struck in the rear by a vehicle which was driven by appellee. Prior to the collision and prior to being a patron of the Neptune Inn, Mark Raysinger was served beer and alcoholic beverages at the home of appellees, Mr. and Mrs. William T. Gilligan, by their son, Michael Gilligan. Appellant alleged that Mark Raysinger was visibly intoxicated at the time he was served at the Gilligan home. Appellees, Michael and Mr. and Mrs. Gilligan, filed preliminary objections to appellant's complaint because, according to appellees, the complaint did not present a cognizable legal cause of action as to them. The trial court agreed and sustained their preliminary objections.[1]

In this appeal, appellant contends that "the evolution of public awareness of that deadly combination [, an intoxicated driver and an automobile,] should dictate a revolution by the Courts of the traditional concepts of tort liability for the destruction occasioned by the indiscriminate consumption of

1. The record shows that appellant filed a five count complaint asserting causes of action against the driver, Mark Raysinger, the owners of the Neptune Inn, Michael Gilligan, and Mr. and Mrs. William Gilligan. The Gilligan Family filed the instant preliminary objections, which were granted, and which formed the basis of the instant appeal. Consequently, the complaint was dismissed as to the Gilligans only.

alcoholic beverages." Brief for Appellant at 2. We decline appellant's invitation to overrule the law in this area.

The controlling case in this jurisdiction is *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973). In *Manning*, appellant, Clair Manning, was a passenger in an automobile driven by Russell Walters when an automobile accident occurred. In his complaint, appellant alleged that appellees, John Andy and Frank, individually and trading as J & F Rubber Company, had served intoxicating liquors at a company party to Walters while he was visibly intoxicated. The trial court:

> "held that no cause of action was stated under any theory and specifically held that § 493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, Art. IV, § 493(1), as amended, 47 P.S. 4–493(1), which defines certain unlawful conduct, does not impose civil liability upon appellees.[1]

---

> [1] The section in relevant part provides:
>
> "It shall be unlawful ... for any licensee or the board, or any employe, servant or agent of such licensee or the board or any other person, to sell, furnish or give any liquor ... or to permit any liquor ... to be sold, furnished or given, to any person visibly intoxicated ...."

*Manning v. Andy*, 454 Pa. at 239, 310 A.2d at 76 (Footnote in original).

On appeal, the Superior Court affirmed per curiam. *Manning v. Andy*, 218 Pa.Super. 902, 279 A.2d 267 (1971). The Supreme Court granted allocatur and affirmed. *Manning v. Andy*, supra. In an opinion, the Supreme Court said the following:

> "[o]nly licensed persons engaged in the sale of intoxicants have been held to be civily liable to injured parties. *Jardine v. Upper Darby Lodge No. 1973*, 413 Pa. 626, 198 A.2d 550 (1964). Appellant asks us to impose civil liability on nonlicensed persons like appellees, who furnish intoxicants for no remuneration. We decline to do so. While appellant's proposal may have merit, we feel that a decision of this monumental nature is best left to the legislature." Id. 454 Pa. at 239, 310 A.2d at 76.

At the present time, *Manning* is still good law. Additionally, no compelling circumstances have arisen which warrant rejecting the principle enunciated in *Manning* and imposing liability on "nonlicensed persons . . . who furnish intoxicants for no remuneration." Id. 454 Pa. at 239, 310 A.2d at 76. Thus, it is clear from the facts of the instant case, that appellant's cause of action must fail.[2]

SPAETH, J., files concurring statement.

SPAETH, Judge, concurring:

I do not reach the question whether non-licensed persons are liable for furnishing intoxicants to others without compensation, for even on appellant's theory, no cause of action is pleaded. It is not alleged that Michael Gilligan knew or should have known that Mark Raysinger was going to drive an automobile.

**2.** For edification purposes, we note that even though under the view expressed in Justice Pomeroy's concurring opinion, appellant's complaint in tort would appear to be a cognizable one, since the complaint filed in *Manning* was not framed, like appellants, in ordinary tort law but was couched in the statutory language of the criminal Liquor Code, our result in the instant case remains unchanged. The majority in *Manning v. Andy*, supra, rejected unconditionally the principle of imposing civil liability on nonlicensed persons. Accordingly, because *Manning* commanded a four vote majority, it represents the view of our Supreme Court.