479 A.2d 608

Paul DOUGLAS, Administrator of the Estate
of Melody Douglas

v.

Christine L. SCHWENK, Stanley Bachulski, t/d/b/a Maple Bar
and Nicholas Difelice and Amalia Difelice, t/d/b/a Nick's
Cafe and Michael Tarnoski and David Howe Christine L.
Schwenk.

Appeal of Nicholas DIFELICE and Amalia Difelice,
t/d/b/a Nick's Cafe.

Superior Court of Pennsylvania.

Submitted May 4, 1984.

Filed Aug. 3, 1984.

James A. Consoli, Reading, for appellants.

James L. McAneny, Pittsburgh, for Douglas, appellee.

Bradley D. Miller, Reading, for Schwenk, appellee.

Leonard J. Gajewski, Reading, for Bachulski, appellee.

David R. Eshelman, Reading, for Tarnoski, appellees.

Before CIRILLO, DEL SOLE and POPOVICH, JJ.:

POPOVICH, Judge:

This is an appeal from an Order of the Court of Common Pleas of Berks County sustaining the preliminary objections in the nature of a demurrer of additional defendants Michael Tarnoski and David Howe. We reverse.

■■■ In reviewing a demurrer we must accept as true all well-pleaded facts and the reasonable inferences therefrom. *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979). A demurrer can only be sustained if it is certain that no recovery is permitted. Any doubt must be resolved against sustaining the demurrer. *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). In accordance with the aforesaid, the factual allegations in the complaint must be examined to determine whether reasonable men might infer a lack of due care by the additional defendants which legally caused the death of Melody Douglas.

Ms. Douglas died as the result of an accident in which she was a passenger in a motor vehicle driven by Christine Schwenk, a minor. Suit was filed by the administrator of Ms. Douglas' estate against the defendants Ms. Schwenk, Stanley Bachulski, t/d/b/a Maple Bar, and Nicholas and Amalia DiFelice, t/d/b/a Nick's Cafe. The complaint submitted by the estate averred, in relevant part, that Ms. Douglas' death was caused by the negligent operation of a motor vehicle by Ms. Schwenk, and by the negligence of the other defendants in serving Ms. Schwenk alcoholic beverages knowing that she was underage and/or when she was visibly intoxicated. In response, the DiFelices also filed a complaint joining Tarnoski and Howe as additional defendants. Therein, the DiFelices alleged, in pertinent part, that:

4. Defendants, Nicholas DiFelice and Amalia DiFelice t/d/b/a Nick's Cafe, aver that if the Plaintiff [estate of Melody Douglas] sustained any damages, as alleged, they were caused as the result of the negligence of the Additional Defendants, *Michael Tarnoski and David Howe,* who were in the company of Christine Schwenk on January 13 and 14, 1981, and who on numerous occasions while they were in Christine Schwenk's company *furnished and gave to her alcoholic and intoxicaing* [sic] *beverages* knowing her to be underage, knowing that she would be operating a motor vehicle, and having reason to believe that she would not be able to operate said motor vehicle in a safe manner. (Emphasis added)

In their preliminary objections the additional defendants-appellees averred, in part, that:

3. As it appears from the Defendants' [DiFelices'] Complaint, the only allegations of negligence against the additional defendants involve the furnishing or supplying of alcoholic or intoxicating beverages.

4. Neither of the additional defendants are "licensees" under the Dram Shop Act, 47 P.S. Section 4–493(1).

5. At the times pertinent to the Complaint, the additional defendants were not acting as the agents, servants and/or employees of any licensees under the Dram Shop Act, 47 P.S. Section 4–493(1).

6. Liability under the Dram Shop Act does not extend to individuals under the Act.

7. *Additional defendants can not be liable to the plaintiff or defendants even assuming that averments in Defendants' Complaint to be true.* (Emphasis added)

The lower court agreed with the additional defendants that they did not come within the ambit of the applicable statute, i.e., Section 4–493(1) of the Liquor Code. The court did so on the basis that the rulings in *Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973) and *Klein v. Raysinger,* 298 Pa.Super. 246, 444 A.2d 753 (1982) refused to read the aforementioned statute to impose civil liability for violations of its provisions by a nonlicensed person who furnished intoxicants for no remuneration. Ergo, the court held that since the additional defendants did not meet any of the requirements of the statute, as interpreted by the courts of this Commonwealth, "no liability [could] be asserted against them under section 4–493(1) of the Liquor Code."

Also, the lower court refused to find the additional defendants subject to any form of liability, even under an extended theory of common law negligence independent of the provisions of the Liquor Code. Again, the court relied, mistakenly as will become evident *infra,* upon the *Manning* decision in holding "that the DiFelices' complaint fail[ed] to

state a cause of action against Tarnoski and Howe."[1] Thus, the additional defendants' preliminary objection in the nature of a demurrer was granted, and this appeal followed.

We conclude that the lower court has erred and do so on the basis of our high Court's recent pronouncement in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983).

In *Congini*, the Court updated the liability of an adult social host for injuries sustained by his minor guest after serving him intoxicating liquors. In finding the host-employer amenable to suit by a guest-employee for intoxicants ingested during the course of a Christmas party held at the employer's place of business, the Court distinguished a ruling entered the same day where liability was found wanting; *viz.:*

In *Klein v. Raysinger*, [504 Pa. 141, 470 A.2d 507 (1983),] we held that there exists no common law liability on the part of a social host for the service of intoxicants to his adult guests. In arriving at this decision we relied upon the common law rule that in the case of an ordinary able bodied man, it is the consumption of alcohol rather than the furnishing thereof, that is the proximate cause of any subsequent damage.

However, our legislature has made a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol. Under Section 6308 of the Crimes Code 18 Pa.C.S. § 6308, a person "less than 21 years of age" commits a summary offense if he "attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages." Furthermore, under Section 306 of the Crimes Code, 18 Pa.C.S.A. § 306, an adult who furnishes liquor to a minor would be liable as an accomplice to the same extent as the offending minor.

---

**1.** It must be noted that at the time the trial court entered its ruling it did not have the benefit of our Supreme Court's decision in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983).

This legislative judgment compels a different result than *Klein*, for here we are not dealing with ordinary able bodied men. Rather, we are confronted with persons [under the age of 18] who are, at least in the eyes of the law, incompetent to handle the affects of alcohol.

\* \* \* \* \* \*

Section 6308 of the Crimes Code represents an obvious legislative decision to protect both minors and the public at large from the perceived deleterious effects of serving alcohol to persons under twenty-one years of age. Thus, we find that defendants were negligent per se in serving alcohol to the point of intoxication to a person less than twenty-one years of age,[3] and that they can be held liable for injuries proximately resulting from the minor's intoxication.

\* \* \* \* \* \*

Under our analysis, an actor's negligence exists in furnishing intoxicants to a class of persons legislatively determined to be incompetent to handle its effects. It is the person's service which forms the basis of the cause of action, not whether or not a putative plaintiff is entitled to recover. Resolution of this latter issue requires a fuller record than the one which we have on demurrer.

---

[3] In *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973) we held that a violation of the Liquor Code could not form the basis for a cause of action against a non-licensee. However, the Crimes Code is applicable to all the citizens of this Commonwealth. Thus, in finding that a cause of action exists under the facts of this case, we are not departing from our holding in *Manning*. (Footnotes omitted)

504 Pa. at 163 & n. 3, 470 A.2d at 517–518 & n. 3.

 In light of *Congini's* holding that an adult who serves/furnishes liquor to a minor "can be held liable for injuries proximately resulting from the minor's intoxication," *id.*, the DiFelices' complaint joining the additional defendants on the grounds that they (Tarnoski and Howe) "furnished" Ms. Schwenk alcoholic beverages knowing she was underage, would be driving and would not be able to operate said motor vehicle in a safe manner was sufficient to state a cause of action for which relief could be granted.

Further, the brief in support of DiFelices' joinder argument repeats the claim that the "Additional Defendants were more than mere social hosts *furnishing* liquor, they were knowledgable [sic] persons *providing* alcohol to a minor in violation of the laws and statutes of Pennsylvania." (Emphasis added) See also DiFelices' Answer to plaintiff's complaint where they, in New Matter, assert that Ms. Schwenk "[o]perated her vehicle having been *furnished* intoxicating beverages by Michael Tarnoski and David Howe[.]" (Emphasis added) No less appears in DiFelices' Answer to plaintiff's complaint wherein they deny, at Point 32, that either they or their agents "sold, furnished, or gave liquor ... to Christine L. Schwenk or that they knew or had reason to know that she was under the legal drinking age."

Therefore, given the well-pleaded facts in DiFelices' complaint attempting to join Tarnoski and Howe as additional defendants, it is reasonable to infer that it was the additional defendants who furnished liquor to the minor-Ms. Schwenk; that she, thereafter, was involved in an automobile accident which resulted in Ms. Douglas' death. To the extent that the additional defendants dispute this point in their preliminary objections by arguing, "even assuming that [the] averments in [DiFelices'] Complaint to be true[,]" that they were patrons in Nick's Cafe and not responsible for the ultimate dispensing of the alcohol, (*see* Brief of Argument of Additional Defendants at 5–6), the DiFelices denied having served or furnished any liquor to Ms. Schwenk and cast the light of suspicion upon the additional defendants. (*See* DiFelices' Complaint at Point 4)

Thus, "an issue of fact is raised" as to who "furnished" Ms. Schwenk with alcohol. We indicate no conclusions as to what the decision should be when and if all of the facts are developed. We merely rule that on the present state of the record, demurrer was incorrectly sustained. *See Congini v. Portersville Valve Co., supra; Clevenstein v. Rizzuto, supra.*

Accordingly, finding the existence of a genuine issue of fact from the pleadings presented to this Court, we reverse the Order entered below.[2]

Jurisdiction is relinquished.

**2.** Parenthetically, we observe it is still yet to be resolved whether the alcohol consumed by Ms. Schwenk, as far as the parties at bar are concerned, was provided by the tavern owners-DiFelices directly to the minor, was purchased by the additional defendants for the minor while in DiFelices' establishment or was furnished by the additional defendants at a setting other than Nick's Cafe.

At this time we voice no view as to the manner in which the factual scenarios hypothesized *supra* would affect the liability of either the DiFelices or the additional defendants.

Lastly, we wish to point out that the original defendants-DiFelices have a right to join additional defendants in an attempt to eliminate or defray their liability/damages. *See* Pa.R.Civ.P. 2252.