487 A.2d 990

**Christina MANCUSO a Minor by Her Parent and Natural Guardian Louise SMITH and Louise Smith Individually and In Her Own Right, Appellant,**

**v.**

**Richard Dennis BRADSHAW and Gary D. Ford and Doris Ford and Friel's, Inc. d/b/a Friel's Beverage.**

Superior Court of Pennsylvania.

Argued June 11, 1984.

Filed Jan. 25, 1985.

Petition for Allowance of Appeal Granted Aug. 22, 1985.

Marshall A. Bernstein, Philadelphia, for appellant.

Phillip B. Silverman, Philadelphia, for appellee.

Before CIRILLO, BECK and CERCONE, JJ.

CIRILLO, Judge:

The present appeal comes from the grant of a motion for summary judgment. There is only one issue: whether a Pennsylvania Liquor Control Board licensee (appellee Friel's Beverages, Inc.) is liable to a third party (appellant Mancuso) for injuries caused by a minor drunken driver who was given illegally purchased beer. We hold that under the facts of this case and without a showing that the purchaser was visibly intoxicated at the time of sale, no liability can be attributed to the licensee. We therefore affirm the order of the Court of Common Pleas granting summary judgment for the appellee.

The facts of this case were stipulated for purposes of the summary judgment motion. They are as follows.

For the purpose of this Motion, William Magee (date of birth: August 2, 1961) purchased a case of beer from the defendant, Friel's Beverages, Inc., on March 6, 1981. Thereafter, approximately two six packs of beer purchased from the defendant, Friel's Beverages, Inc. were consumed by the defendant, Richard Bradshaw (date of birth: September 16, 1961).

On March 6, 1981, at approximately 9:45 P.M. the defendant, Richard Bradshaw was operating a motor vehicle that was involved in an accident with another motor vehicle operated by the plaintiff, Christina Mancuso. Defendant, Richard Bradshaw was intoxicated and unfit to operate a motor vehicle at the time of the accident in question which caused the injuries sustained by the plaintiff. A breathalyzer test was administered to defendant, Richard Bradshaw, following the accident and revealed a blood alcohol level of .20.

The complaint against the defendant, Friel's Beverages, Inc., avers that said defendant sold alcohol beverages to a minor and that the sale of these beverages was the proximate cause of the accident. There is no proof that William Magee was visibly intoxicated at all times material to this cause of action.

The Act of May 8, 1854 made it a misdemeanor to furnish intoxicating drinks to "any person of known intemperate habits, to a minor, or to an insane person ... [or] to any person when drunk or intoxicated."[1] The Act also specifically provided a civil remedy for injuries to persons or property as a result of the furnishing of alcoholic beverages

---

1. **Section 1.** *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same,* That wilfully furnishing intoxicating drinks by sale, gift or otherwise to any person of known intemperate habits, to a minor, or to an insane person for use as a beverage shall be held and deemed a misdemeanor, and upon conviction thereof the offender shall be fined not less than ten nor more than fifty dollars, and undergo an imprisonment of not less than ten nor more than sixty days and the wilful furnishing of intoxicating drinks as a beverage to any person when drunk or intoxicated shall be deemed a misdemeanor, punishable as aforesaid.
Act of May 8, 1854, P.L. 663, No. 648, § 1.

in violation of "any existing law."[2]  That Act was repealed in 1951 and replaced with our modern Liquor Code. *See* 47 P.S. §§ 1–101 through 9–902.  The Liquor Code incorporated the misdemeanor provision of § 1 of the former Act[3] but did not adopt the civil liability provision of § 3 of that Act. The elimination of a civil liability statute did not however, eliminate civil liability for licensees who furnished alcoholic beverages in violation of the law.

The case of *Schelin v. Goldberg*, 188 Pa.Super. 341, 146 A.2d 648 (1958), was the first case seeking to impose civil liability on a licensee since the repeal of the Act of 1854.  In that case, an inebriated bar patron, drunkenly annoying another patron, was struck from behind by that patron. Plaintiff based his theory of liability on the fact that the bartender had violated 47 P.S. § 4–493(1) by serving him alcoholic beverages after he was "visibly intoxicated." Even though the civil liability provision of the '54 Act had been repealed, the court held that "[w]hen an act embodying in express terms a principle of law is repealed by the legislature, then the principle of law as it existed at com-

2. **Section 3.**  That any person furnishing intoxicating drinks to any other person in violation of any existing law, or of the provisions of this acts, shall be held civilly responsible for any injury to person or property in consequence of such furnishing, and any one aggrieved may recover full damages against such person so furnishing by action on the case, instituted in any court having jurisdiction of such form of action in this Commonwealth.
Act of May 8, 1854, P.L. 663, No. 648, § 3.

3. **§ 4–493.  Unlawful acts relative to liquor, malt and brewed beverages and licensees**
The term "licensee", when used in this section, shall mean those persons licensed under the provisions of Article IV, unless the context clearly indicates otherwise.
It shall be unlawful—
Furnishing liquor or malt or brewed beverages to certain persons
(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits.
47 P.S. § 4–493(1).

mon law is still in force." *Schelin, supra,* 188 Pa.Superior Ct. at 346, 146 A.2d at 651. Applying the Restatement of the Law of Torts § 286,[4] the court allowed recovery under a common law theory. Negligence was established by the violation of § 4–493(1) of the Liquor Code. Since the jury found that that negligence was the proximate cause of the plaintiff's injury, liability was imposed on the defendant licensee.

The next development in licensee liability was the enactment in 1965 of 47 P.S. § 4–497, an amendment to the Liquor Code which specifically limits the liability of licensees to third parties injured by a licensee's customer.

### § 4–497. Liability of licensees

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was visibly intoxicated.

The appellee instant, Friel's Beverages, Inc., relies upon this provision and its interpretation in *Simon v. Shirley,* 269 Pa.Super. 364, 409 A.2d 1365 (1979) as a complete bar to liability. Appellant contends that *Simon* is inapplicable because of factual dissimilarities and that § 4–497 is like-

---

**4. § 286. Violations Creating Civil Liability.**

The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if:

(a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and

(b) the interest invaded is one which the enactment is intended to protect; and

(c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interests results from that hazard; and,

(d) the violation is a legal cause of the invasion, and the other has not so conducted himself as to disable himself from maintaining an action.

Restatement Torts, § 286.

The language of this section in the Restatement Second is not significantly different.

wise inapplicable to this case because of its unusual fact pattern.

*Simon v. Shirley, supra,* involved a minor who was served intoxicating beverages in violation of § 4–493(1) of the Liquor Code and subsequently got into an automobile accident which took another motorist's life. This court held that § 4–497 precluded the extension of liability to the defendant licensee because there wasn't any evidence that defendant Shirley was visibly intoxicated at the time of the sale.

Appellant admits that *Simon* was properly decided on its particular facts because Shirley was a *customer* of the saloon and § 4–497 applies to damage caused "by customers of the licensee." Appellant would further suggest that § 4–497 was intended to apply *only* to customers. Bradshaw was not the purchaser of the beer; he obtained it indirectly. Appellant therefore contends that § 4–497 cannot be applied in the instant case where the tortfeasor and the customer are two different people. We disagree. The term "customer" was never intended as a limitation in the way that appellant would construe it. In the trial court's opinion, the Honorable Domenic D. Jerome said:

> It is apparent that defendant Friel's, Inc., cannot be held liable for the actions of its customer defendant William Magee. Therefore, it naturally follows that defendant Friel's, Inc., cannot be held liable for personal injuries caused by a minor who became intoxicated from beverages given to him by another minor who was concededly not visibly intoxicated when he bought them from defendant Friel's, Inc.

We find Judge Jerome's rationale to be precise and complete.

Lastly, appellant raised at argument the recent holding of the Pennsylvania Supreme Court in *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), as indicative of the direction which the law in this area is taking. We recognize that direction and applaud the Supreme Court for taking it. However, *Congini* dealt with a social host to

whom § 4–497 would have been utterly inapplicable. The instant case involves a licensee to whom we have held that § 4–497 does apply. This case is controlled by *Simon v. Shirley, supra.* We are bound by that precedent.

For the foregoing reasons we affirm the order of the Court of Common Pleas granting defendant Friel's motion for summary judgment.

Order affirmed.

BECK, J., files a concurring opinion.

BECK, Judge, concurring:

I reluctantly agree that the result reached by the majority is compelled by the bare language of 47 P.S. § 4–497 and by *Simon v. Shirley,* 269 Pa.Super. 364, 409 A.2d 1365 (1979). I write separately to state unequivocally my belief that this result represents a social policy injurious to the commonweal.

The majority finds the recent holding of our supreme court in *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), inapposite because that case involved a social host not covered by section 4–497 of the Liquor Code. While I acknowledge that distinction, I believe the *Congini* decision is based on certain sound principles which should be made more broadly applicable.

A careful analysis of *Congini* reveals that the supreme court in that case imposed on social hosts the same standard of liability which appellants argue and I believe should be imposed on licensees. In *Congini,* the court held that a cause of action could be maintained against a social host who furnished liquor to a minor guest, causing that minor to become intoxicated. There was no evidence that the minor plaintiff was already intoxicated when he arrived at the office party and was served liquor by defendants. Accordingly, the court stated that "defendants were negligent per se in serving alcohol *to the point of intoxication* to a person less than twenty-one years of age, and defendants can be held liable for injuries proximately resulting

from the minor's intoxication." 504 Pa. at 162–163, 470 A.2d at 518 (emphasis added). The clear implication of the supreme court's carefully chosen language is that serving a minor enough alcohol that he will *become* intoxicated is sufficient to establish liability. It is not necessary to show that the host served additional liquor to a minor who was already intoxicated.

This court followed and applied *Congini* in *Douglas v. Schwenk*, 330 Pa.Super. 392, 479 A.2d 608 (1984). We held that "[a] complaint joining the additional defendants [who were social hosts] on the grounds that they ... 'furnished' [a minor] alcoholic beverages knowing she was underage, would be driving and would not be able to operate said motor vehicle in a safe manner was sufficient to state a cause of action for which relief could be granted," 330 Pa.Super. at 397, 479 A.2d at 611.

In *Congini*, the supreme court explained the basis of its decision in terms of the special treatment of minors in our laws relating to the sale and consumption of liquor. The court noted that sections 6308 and 306 of the Crimes Code, 18 Pa.C.S. §§ 6308 and 306 respectively, make the consumption of alcoholic beverages by minors and the sale or provision of alcoholic beverages to minors criminal offenses. In the court's view, these statutes reflect "a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol." 504 Pa. at 161, 470 A.2d at 517. Applying section 286 of the Restatement, Second, of Torts,[1] the court adopted the statutory standard of conduct

---

1. Section 286 of the Restatement, Second, of Torts provides:

§ 286. When Standard of Conduct Defined by Legislation or Regulation Will Be Adopted The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

set forth in 6308 of the Crimes Code as the standard of conduct of a reasonable person, concluding therefore that "an adult who serves alcoholic beverages to a minor, causing intoxication, is negligent per se and may be held liable for injuries proximately caused by the intoxication." Note, *Social Host Found Negligent per se for Serving Alcoholic Beverages to Intoxicated Minor*, 57 Temp.L.Q. 453, 455–56 (1984), paraphrasing *Congini*, 504 Pa. at 162–163, 470 A.2d at 518. The student commentator's apt restatement of the court's language (quoted *supra* in this opinion at 991) indicates that *Congini* is clearly understood as basing liability on the serving of sufficient alcohol to a minor to cause the minor to become intoxicated, rather than on serving additional alcohol to an already visibly intoxicated person.

I see no reason from a public policy standpoint why this liability should be imposed on social hosts only and not on licensees. A licensee who serves liquor to a minor violates section 4–493(1) of the Liquor Code, 47 P.S. § 4–493(1), whether or not the minor is already visibly intoxicated. Under section 4–471 of the Liquor Code, 47 P.S. § 4–471, such violations can lead to the suspension or revocation of the liquor license. The combined import of the statutory provisions applicable to ordinary citizens and to licensees is that our legislature has decided that providing any person deemed by the law too young to handle alcohol with the means to *become* intoxicated is a wrongful act. It is not necessary to show that the host served additional liquor to a minor who was already intoxicated.

We note that the courts of our sister state of New Jersey, acting in the absence of a statute such as 47 P.S. § 4–497, have held that the serving of alcoholic beverages by a tavern-keeper to a minor, without more, can form the basis for imposing civil liability in negligence on the tavern-keeper for harm caused by the minor. *See Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959). In *Rappaport* the New Jersey Supreme Court reasoned that

This section has been adopted as the law of Pennsylvania. *Majors v. Brodhead Hotel,* 416 Pa. 265, 205 A.2d 873, 875 (1965).

[w]here a tavern keeper sells alcoholic beverages to a person who is visibly intoxicated *or* to a person he knows or should know from the circumstances to be a minor, he ought to recognize and foresee the unreasonable risk of harm to others through action of the intoxicated person or the minor.

31 N.J. at 201, 156 A.2d at 8 (emphasis added). With particular reference to minors, the court further observed that "insofar as minors are concerned the sale of the first drink which does 'its share of the work' and which generally leads to the others is unequivocally forbidden." *Id.*, citation omitted.

*Rappaport* has been described as one of the first in a "new trend" of similar holdings. *Felder v. Butler,* 292 Md. 174, 176, 438 A.2d 494, 496 (1981) (collecting cases following *Rappaport* as well as cases in which liability was not imposed).

I endorse the reasoning of the New Jersey court in *Rappaport* and would adopt it as the law of Pennsylvania were we free to do so. Licensees who wrongfully serve alcoholic beverages to minors should be subject to at least the same liability as social hosts. Although the majority's disposition of this appeal is technically correct, it is to be regretted that we find ourselves bound by statutes and judicial precedents which are out of step with current social policy priorities.