590 A.2d 1267

**David J. HUMPHREYS, and Humphreys
& Nubani, P.C. Appellants,**

v.

**NIAGARA FIRE INSURANCE COMPANY
and Dexter–Bertholon–Rowland, Inc.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1991.

Filed May 9, 1991.

Petition for Allowance of Appeal Denied
Oct. 1, 1991.

348

Theodore E. Breault, Pittsburgh, for appellants.

Richard S. Dorfzaun, Pittsburgh, for Niagara Fire Ins., appellee.

Before DEL SOLE, FORD ELLIOTT and BROSKY, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the August 6, 1990, order of the Court of Common Pleas of Allegheny County sustaining appellee's preliminary objections in the nature of a demur-

rer and dismissing Counts I, II, and III of the appellants' complaint. Appellants argue that the trial court erred in sustaining appellee's preliminary objections since, according to appellants, the complaint does set forth valid claims upon which relief can be granted. Although we do not agree with the reasoning offered in the trial court's opinion, we do agree with the result; therefore, we affirm the trial court's decision.[1]

The action giving rise to this appeal is one for breach of contract; specifically, the breach of a duty to defend under a professional liability insurance agreement. The suit was instituted by attorney David J. Humphreys and his law firm, Humphreys & Nubani, P.C., against their professional liability insurance carrier, Niagara Fire Insurance Company.[2]

In January of 1983, appellants responded to an insurance advertisement circular distributed by the Dexter–Bertholon–Rowland agency which outlined a new professional liability insurance program for lawyers. In response to the appellants' inquiry, Dexter–Bertholon–Rowland, Inc. sent to Humphreys & Nubani a quotation for lawyers professional liability insurance through the Niagara Fire Insurance Company. On March 14, 1983, appellants accepted this quotation and as of that date Niagara Fire Insurance Company has been appellants' insurer for professional liability purposes.

On September 26, 1983, David J. Humphreys was served with a complaint which had been filed in the federal district

---

1. This court may affirm the decision of the trial court on any basis, even if the reasons given by the trial court for its decision are incorrect. *See, Coatesville Development Co. v. United Food and Commercial Workers, AFL–CIO,* 374 Pa.Super. 330, 542 A.2d 1380 (1988).

2. Dexter–Bertholon–Rowland, Inc. (DBR) is also a named defendant in the underlying action. However, the preliminary objections, which are the focus of this appeal, were filed by Niagara Fire Insurance Company, only. DBR has indicated to this court that it did not intend to participate in this appeal. Since the trial court's order dismissed all counts as to the appellee, and completely dismissed them from the case, this is an appealable order. *See, United States National Bank in Johnstown v. Johnson,* 506 Pa. 622, 487 A.2d 809 (1985).

court for the Western District of Pennsylvania. That complaint, in which Mr. Humphreys was one of several named defendants, sought recovery under the civil remedies provision of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) of 1970.[3] The complaint against Mr. Humphreys also alleged violations of the federal mail fraud statute [4] and the federal wire fraud statute [5] as the underlying predicate acts constituting a pattern of racketeering activity. Count II of the federal complaint against Mr. Humphreys alleged that he, along with the other named defendants, conspired to restrain and/or monopolize trade in violation of the Sherman Anti–Trust Act.[6] The federal complaint contained two additional counts pertaining to other defendants in that action and have no relevance for the purposes of the disposition of this appeal.

Immediately upon being served with the federal complaint, Mr. Humphreys, through his counsel, put Professionals Risk Management and Service Company [7] on notice of the suit and requested that they tender a defense. By letter of October 4, 1983, Professionals Risk Management and Service Company informed Mr. Humphreys that it was declining to provide him with a defense for the federal action because all of the allegations set forth in the complaint against Mr. Humphreys were founded upon alleged intentionally fraudulent actions, which clearly were excluded from coverage under the terms of the policy. In response to a second request from Mr. Humphreys that he be provided with a defense for the federal action, under the terms of his professional liability insurance policy, Underwriters Adjusting Company informed Mr. Humphreys that it was now handling all claims for professional liability

**3.** 18 U.S.C. section 1961 *et seq.* Specifically, 18 U.S.C. section 1964(c) allows for a civil cause of action to recover damages caused by a violation of the RICO act.

**4.** 18 U.S.C. section 1341.

**5.** 18 U.S.C. section 1343.

**6.** 15 U.S.C. sections 1, 2.

**7.** Professionals Risk Management and Service Company was the acting risk manager designated under the insurance policy.

coverage under Niagara policies, and that it concurred with the decision not to provide Mr. Humphreys with a defense for this action. Underwriters, like Professionals Risk Management, based its decision on the language of the policy excluding from coverage any claims arising from dishonest, fraudulent or malicious acts. Specifically, the exclusionary language relied upon by both Professionals Risk Management and Underwriters Adjusting reads as follows:

This policy does not apply:

a) to any claim arising out of any criminal act or omission of any insured, partner or employee hereunder:

b) to any claim arising out of any dishonest, fraudulent or malicious acts or omissions of an insured, partner or employee committed with actual dishonest, fraudulent or malicious purpose or intent. However, notwithstanding the foregoing, the company shall defend any and all "personal injury" claims.[8]

Mr. Humphreys eventually retained his own legal counsel to defend him in the action filed in federal court. Subsequent to the termination of the federal action, Mr. Humphreys and his law firm filed an action in state court against Niagara Fire Insurance Company and Dexter–Bertholon–Rowland, Inc. seeking damages for refusing to provide a defense to the federal court action under the terms of the professional liability insurance policy, including a recovery of the $73,693.74 expended in counsel fees to defend the federal action. The first three counts of that complaint pertain to appellee, and allege that Niagara breached its obligation to defend; breached its fiduciary duty to act in good faith; and is liable to appellant for punitive damages because it failed to act in good faith.

In response to the complaint filed against it, Niagara Fire Insurance Company filed preliminary objections in the nature of a demurrer arguing that plaintiffs had failed to state a claim or claims upon which relief could be granted.

---

8. For purposes of this appeal, we set forth only those sections of the exclusionary clause which are relevant.

By order of court dated August 6, 1990, Judge Judith Friedman sustained the preliminary objections and dismissed Counts I, II, and III of the complaint. It is from that order the appellants appeal.

Appellants raise three issues for our consideration.

I. Does the complaint's cause of action entitled "breach of obligation to defend" state a claim upon which relief can be granted?

II. Does the complaint's cause of action entitled "breach of fiduciary duty to act in good faith" state a claim upon which relief can be granted?

III. Does the complaint's cause of action entitled "punitive damages" state a claim upon which relief can be granted?

In reviewing an order sustaining preliminary objections in the nature of a demurrer, it is necessary for this court to accept as true all well-pleaded facts and the reasonable inferences therefrom, and only sustain the demurrer if it is certain that no recovery is permitted. *Douglas v. Schwenk,* 330 Pa.Super. 392, 479 A.2d 608 (1984).

Regarding Count I of the underlying complaint, appellants argue that the trial court erred in concluding that Niagara properly refused the request for a defense since the federal complaint did not involve Mr. Humphreys' status as an attorney and did not allege any malpractice on the part of Mr. Humphreys. Appellants maintain that the federal complaint does pertain to Mr. Humphreys as an attorney and concerns legal work which he performed. Appellants further maintain that because the federal complaint encompasses acts done by Mr. Humphreys as an attorney, and because none of the exclusions in the policy are applicable, Niagara had a duty to defend Mr. Humphreys and breached that duty by refusing his requests for a defense. Appellee, on the other hand, agrees with the trial court that the federal action did not involve Mr. Humphreys as a lawyer, but rather as a RICO co-conspirator. Appellee further argues that even assuming the federal complaint did state a cause of action based upon Mr. Hum-

phreys acts as an attorney, it was still correct in refusing to defend based upon the exclusionary language in the policy. While we note that the question of whether the federal complaint concerns Mr. Humphreys' actions as an attorney is not as easily answered as appellee would lead us to believe,[9] it is quite clear that, as appellee argues, the exclusionary language prohibits coverage for the claims raised in the federal action; therefore, the trial court was correct in dismissing Count I of the underlying complaint since Niagara had no duty to defend Mr. Humphreys based on the nature of the federal court action.

In determining whether appellants had any potential basis for recovery under a theory of breach of duty to defend, the critical consideration is that the obligation of an insurer to defend an action is fixed solely by the allegations in the underlying complaint. *United Services Auto Assoc. v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982 (1986). The obligation to defend arises whenever the underlying complaint, in this instance the federal complaint, potentially may come within the coverage of the policy. *State Auto-*

9. The Niagara policy provides coverage, "To pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of any claim or claims ... arising out of ... any act or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer ... except as excluded or limited by the terms, conditions and exclusions of this policy." The policy does not state that it will only cover claims brought by clients of the attorney or third party beneficiaries to the attorney-client relationship. Further, the policy does not state that it will only cover claims for malpractice. Rather, the language of the policy clearly states that it will provide coverage to the insured for any claim arising out of *any act or omission* of the insured in his capacity as a lawyer. A review of the federal complaint demonstrates that Mr. Humphreys was identified in the complaint as acting at all relevant times as an attorney, and was alleged to have performed the necessary legal work to help further the goals of the RICO enterprise. Thus, the question of whether the allegations in the federal complaint relate to acts done by Mr. Humphreys in his capacity as an attorney, is open to debate. However, because we conclude that for other reasons the trial court's decision was correct, we are free to affirm that decision. *See Coatesville Development Co. v. United Food and Commercial Workers, AFL–CIO, supra.*

*mobile Insurance Assoc. v. Kuhfahl,* 364 Pa.Super. 230, 527 A.2d 1039 (1987).

The test to be applied in determining whether an insurer has a duty to defend its insured was summarized aptly in *D'Auria v. Zurich Insurance Co.,* 352 Pa.Super. 231, 507 A.2d 857 (1986).

> Even though the insurance policy states that the insurer must defend against allegations which are groundless, false, or fraudulent, this does not mean that the insurer has a duty to defend *any* suit filed against the insured. The duty to defend is limited only to those claims *covered by the policy.* Thus, the insurer owes a duty to defend if the complaint against the insured alleges facts which would bring the claim within the policy coverage if they were true. It does not matter if in reality the facts are completely groundless, false or fraudulent. It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend.

*Id.,* 352 Pa.Superior Ct. at 235, 507 A.2d at 859 (emphasis in original, citations omitted).

■ As stated previously, the federal complaint naming Mr. Humphreys as a defendant was a four count complaint, in which two of those counts specifically applied to Mr. Humphreys. The first count alleged that Mr. Humphreys, acting in concert with other named defendants, violated the federal RICO act by engaging in a pattern of racketeering activity. The underlying predicate acts giving rise to this alleged RICO violation, as set forth in the federal complaint, include violations of the federal mail fraud and wire fraud statutes. Our inquiry is whether, based upon the allegations in the first count of the federal complaint, there are any alleged facts which, if proven to be true, could possibly bring the claim within the scope of coverage of the Niagara policy.

■ Exclusion (a) of the Niagara policy applies to any criminal act or omission by the insured. While the federal

RICO statute is first and foremost a federal criminal statute, the claim giving rise to the dispute as to whether Niagara owed Mr. Humphreys a defense is one grounded in the civil remedies section of the RICO statute.[10]  Therefore, we are of the opinion that the first exclusion is inapplicable under the present circumstances.  The second exclusion set forth in the insurance policy excludes from coverage any claims arising out of *intentionally* fraudulent, dishonest, or malicious acts.  In order for this exclusion to apply, the fraudulent, dishonest, or malicious act must have been committed with purpose or intent.  Count I of the federal complaint alleges RICO violations along with violations of the federal mail fraud and wire fraud statutes.  Numerous federal courts have concluded that to maintain a successful RICO action, either civil or criminal, it is necessary to establish that the defendant acted with fraudulent intent. *See Kane v. Shearson Lehman Hutton, Inc.*, 916 F.2d 643 (11th Cir.1990); *United States v. Indelicato*, 865 F.2d 1370 (2d Cir.1989); and *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46 (2d Cir.1987).  These courts have further concluded that fraudulent intent is a requisite element to establishing mail or wire fraud as the predicate acts giving rise to the RICO violation. *Beck v. Manufacturers Hanover Trust Co., supra.*  Thus, in order for the allegations in the federal complaint to have been proven true it would have been necessary to establish that Mr. Humphreys acted with fraudulent intent.  Clearly, under the language of the second exclusion set forth in the policy, the policy does not provide coverage for any acts committed with fraudulent intent.  Therefore, under these circumstances Niagara had no duty to defend against the alleged claims for RICO violations.  Once an insurer looks to the facts alleged in the complaint and determines that if those facts were found to be true coverage would not apply, then the insurer properly may refuse to provide a defense. *See D'Auria v. Zurich Insurance Co., supra.*  Since coverage for this type of claim clearly was excluded under the terms of the policy,

**10.**  18 U.S.C. 1964(c).

the insurer would not be exposed to cover such a claim, and properly refused to provide Mr. Humphreys with a defense with respect to Count I of the federal action.

The second count of the federal complaint alleged Mr. Humphreys' violations of sections 1 and 2 of the Sherman Anti–Trust Act. Again, the same analysis is applicable to this count of the complaint as was applied to the RICO count. In order to establish a violation of section 1 of the Sherman Act it is necessary to prove that the defendant acted with an anticompetitive intent. *SI Handling Systems, Inc. v. Heisley,* 658 F.Supp. 362 (E.D.Pa.1986). In order to establish a violation of section 2 of the Sherman Act it is necessary to prove that the defendant acted with the specific intent to destroy competition or build a monopoly. *Mutual Fund Investors v. Putnam Management Co.,* 553 F.2d 620 (9th Cir.1977). In each of these instances we hold that such allegations, if proven to be true, would be tantamount to intentionally fraudulent, dishonest, or malicious acts as set forth in the second exclusion of the professional liability insurance policy. Therefore, upon reviewing the facts alleged in Count II of the federal complaint it was within reason for the insurer to determine that if these alleged facts were proved to be true, then coverage for claims arising under that count would be excluded from coverage by operation of the second exclusionary clause. Since the insurer would not be obligated to provide coverage for this claim, it was proper to deny Mr. Humphreys a defense with respect to Count II of the federal complaint.

Count II of the underlying complaint alleges that Niagara Fire Insurance Company breached its fiduciary duty to act in good faith towards its insured, Mr. Humphreys. In support of their position on this issue, appellants cite to *Dercoli v. Pennsylvania National Mutual Ins. Co.,* 520 Pa. 471, 554 A.2d 906 (1989), *but see, Miller v. Keystone Insurance Co.,* 402 Pa.Super. 213, 586 A.2d 936 (1991).

Appellants maintain that since Niagara failed to make any investigation into the truthfulness of the facts

underlying the allegations in the federal complaint, that they therefore breached a fiduciary duty to act in good faith. However, "It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend." *D'Auria v. Zurich Insurance Co., supra.* "It is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend." *Springfield Twp., et al. v. Indemnity Insurance Co. of North America,* 361 Pa. 461, 64 A.2d 761 (1949). Thus, Niagara was required merely to look to the complaint, look at the nature of the claims against Mr. Humphreys, and decide whether, if the allegations were proven to be true, would the policy provide coverage. Since the factual allegations on the face of the federal complaint fell within the exclusionary language of the policy, Niagara properly declined the requested defense.

Count III of the underlying complaint seeks to recover punitive damages from Niagara for breaching its duties to defend and to act in good faith. Because we conclude that the trial court correctly dismissed Counts I and II of the underlying complaint for failing to state claims upon which relief could be granted, we necessarily conclude that appellants had no valid claim for punitive damages and that the trial court was also correct in dismissing Count III of the underlying complaint.

Order of the Court of Common Pleas of Allegheny County dismissing Counts I, II, and III of appellants' complaint is hereby affirmed.