409 A.2d 1365

William Harry SIMON, Administrator of the Estate of James Jude Simon, Deceased, and William Harry Simon, in his own right, Appellant,

v.

Paul SHIRLEY, Larry Wolfrey and Robert Whelan, Jr., Individually and trading as Frontier Saloon.

Joan POWERS, Appellant,

v.

Paul SHIRLEY and Larry Wolfrey, Defendants and Joseph Keenan, Individually and t/a Joseph Keenan, Jr., Inc. and Frontier Saloon and William Harry Simon, Administrator of the Estate of James Jude Simon, Deceased, Additional Defendants.

John CURLETT, Jr., Appellant,

v.

Paul SHIRLEY, Larry Wolfrey and Robert Whelan, Jr., Individually and trading as Frontier Saloon.

Maryanne LAMBERTO, Appellant,

v.

Paul SHIRLEY, Larry Wolfrey and Joseph Keenan, Jr., Individually and trading as Frontier Saloon and William Harry Simon, Administrator of the Estate of James Jude Simon, Deceased.

Superior Court of Pennsylvania.

Argued Dec. 3, 1978.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Denied Dec. 5, 1979.

Harris T. Bock, Philadelphia, for appellant Simon at No. 1662.

Paul D. Nelson, Media, submitted for appellant Powers at No. 1767.

Bernard Edelson, Philadelphia, submitted for appellant Curlett at No. 1768.

Abraham Golden, Philadelphia, submitted for appellant Lamberto at No. 1793.

Bernard P. Carey, Upper Darby, for appellees Joseph Keenan, Jr., ind. and t/a Frontier Saloon.

Before CERCONE, HESTER and HOFFMAN, JJ.

CERCONE, President Judge:

On the evening of June 28, 1974, Paul Shirley and several other young people attended a birthday party at a private residence where they consumed an unknown quantity of

beer. Sometime after midnight, Shirley and several others left the party and drove to the Frontier Saloon in Shirley's automobile. At the Frontier they were served and consumed additional alcoholic beverages notwithstanding the fact that Shirley was a minor.[1] At approximately 2:00 A.M., the celebrants departed the Frontier Saloon in Shirley's automobile. Less than an hour later, the Shirley vehicle was involved in a fatal head-on collision with an automobile being driven by James Jude Simon. As a result of this accident, Mr. Simon was killed and passengers in both vehicles sustained injuries.

Separate lawsuits were thereafter instituted by the Estate of Mr. Simon and the various passengers against several defendants including the Frontier Saloon. The action against Frontier was predicated upon its sale of intoxicants to the minor Shirley. Although a blood test taken after the accident showed Shirley's blood alcohol content to be four one hundredths of one per cent higher than the level giving rise to a statutory presumption of intoxication,[2] all parties concede that there is no evidence that Shirley was visibly intoxicated when he consumed the alcoholic beverages at the Frontier Saloon. Based upon Section 4–497 of the Liquor Code,[3] the lower court granted Frontier's motion for summary judgment and this appeal followed.

Appellants' theory of liability is bottomed upon the Frontier Saloon's admitted violation of Section 4–493(1) of the Liquor Code, 47 P.S. § 4–493(1). That section declares it unlawful:

> "(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or

1. Paul Shirley was two weeks from his twenty-first birthday.

2. Act of April 29, 1959, P.L. 58, 75 P.S. § 624.1(c), *as amended*, repealed by the Act of June 17, 1976, P.L. 162, No. 81, 75 Pa.C.S. § 1547(d).

3. Act of April 12, 1951, P.L. 90, art. IV, § 497, added December 22, 1965, P.L. 1144, No. 441, § 1, 47 P.S. § 4–497 (1969).

malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits."

In *Jardine v. Upper Darby Lodge No. 1973*, 413 Pa. 626, 198 A.2d 550 (1964), the Court held that a licensee who violated [4] the above section was liable to third parties injured off the premises. Thus, appellants argue that since Shirley was a minor, Section 4–493 was violated and this, by itself, is sufficient to give rise to a civil cause of action against Frontier. We are constrained to disagree.

In 1965, well after the adoption of Section 4–493 and subsequent to the decisions upon which appellants rely, Section 4–497 was added to the Liquor Code. Titled "Liability of licensees" Section 4–497 provides:

"No licensee shall be *liable to third persons* on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe *when the said customer was visibly intoxicated.*" (Emphasis added.) 47 P.S. § 4–497.

The clear and unambiguous language of Section 4–497 makes it apparent the General Assembly has chosen to condition a licensee's civil liability to third persons [5] who are injured off the premises by a customer of the licensee upon a showing that the customer was visibly intoxicated when served. Instantly, since it is conceded that there is no evidence that the minor Shirley was served while visibly

---

**4.** In *Jardine* the violation consisted of serving alcohol to a visibly intoxicated adult.

**5.** Our decision in *Connelly v. Ziegler*, 251 Pa.Super. 521, 380 A.2d 902 (1977), is not inconsistent with our holding in the instant case. In that case, we allowed recovery under § 4–493 by the administratrix of the estate of a decedent who fatally injured *himself* after having been served liquor while visibly intoxicated. In other words, *Connelly v. Ziegler* involved injuries to the customer and *not a third person* as in the case at bar.

intoxicated, the lower court properly granted summary judgment in favor of the Frontier Saloon.

Order affirmed.

HOFFMAN, J., concurs in the result.