## Conner v. Bickhart

*John P. Campana,* for plaintiff.
*Gary L. Weber,* for defendant Bickhart.
*Carl E. Boyer,* for defendant Barney's Tavern.
*John A. Mihalik,* for defendant The Pub.
*R. Michael Karr,* for defendant Town & Country Bar.
*Sidney Apfelbaum,* for defendant Brown and City of Sunbury.

*William J. Schmidt*, for defendant Towne Crier.

MYERS, *J.*, December 4, 1986 — The instant action was instituted by plaintiff by filing a complaint in trespass. Defendants, Steven Brown and The City of Sunbury; defendants, Wayne A. Moyer and Ruth L. Moyer t/a The Pub and defendant Max W. Doebler, t/a Eddie's Town and Country Bar, responded with motions for summary judgment. Briefs have been filed, and we are now prepared to dispose of these motions.

Plaintiff, Ronald E. Conner, and defendant, William J. Bickhart, were involved in a one vehicle accident after they had been drinking at several taverns. Defendant Bickhart was the driver at the time, with plaintiff Conner as a passenger. Conner sustained serious and disabling injuries in the accident.

Defendant Bickhart and plaintiff Conner visited four taverns prior to the accident, which were, in order of the visits, as follows:

(1) The Pub in Danville, Pa.
(2) Town and Country in Danville, Pa.
(3) Towne Crier in Sunbury, Pa.
(4) Barney's in Northumberland, Pa.

The present record reveals that Conner and Bickhart met at The Pub sometime between 10:00 p.m. and 11:00 p.m. on the night of Friday, May 20, 1983. Conner and Bickhart then proceeded to Town and Country, then Towne Crier and finally, Barney's. On the way from Towne Crier to Barney's Tavern, Bickhart was stopped by a Sunbury, Pa. police officer, Steven Brown, who issued him a citation for reckless driving, after Brown had observed Bickhart driving in an erractic manner.

After leaving the last of the four bars, Bickhart and Conner were proceeding toward home when the accident in question occurred at approximately

4:00 a.m., Saturday morning, May 21, 1983.

Plaintiff alleges that the various drinking establishments were negligent in serving intoxicants to Bickhart while he was visibly intoxicated, contrary to section 4-493(1) of the Pa. Liquor Code. Plaintiff also alleges that these establishments were negligent by serving intoxicants to Bickhart, a person of known intemperate habits, contrary to section 4-493(1) of the Liquor Code.

Plaintiff's claim against the Sunbury police officer, Steven Brown, and the City of Sunbury arises from the fact that Officer Brown stopped Bickhart prior to the accident after observing Bickhart drive in an erratic manner. Plaintiff also alleges that Bickhart was visibly intoxicated when Officer Brown observed and talked to him and still permitted him to continue to drive home.

Summary judgment may be granted if the record reveals that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Rossini v. Penn State University*, 340 Pa. Super. 39, 489 A.2d 828 (1985).

## MOTION FOR SUMMARY JUDGMENT OF THE PUB

The record reveals that when Bickhart first arrived at The Pub in Danville on the night in question, he had not previously consumed any alcoholic beverages that day. While at The Pub, Bickhart and Conner consumed one or two bottles of beer. Neither acted in any manner to indicate he was intoxicated. The record is clear that neither was visibly intoxicated at that time.

In consideration of the above facts, we find that defendant, The Pub is entitled to summary judgment. Plaintiff's theory that liability should rest

with The Pub due to serving a visibly intoxicated person is clearly not supported by the facts.

Plaintiff's remaining theory of liability, i.e. that The Pub was negligent for serving intoxicating beverages to a person of "known intemperate habits" is not a viable cause of action, absent a showing that a person was served intoxicants while visibly intoxicated. *Matthews v. Konieczny*, 338 Pa. Super. 504, 488 A.2d 5 (1985). Further, the only evidence offered regarding Bickhart as a person of known intemperate habits was his driving record. There was no assertion or proof that the owners of The Pub or their bartender knew, or had reason to know, of Bickhart's driving record or of his "known intemperate habits." Thus, even if such basis could be sustained as an independent cause of action, plaintiff has not established an adequate factual foundation to establish such a claim. Therefore, we find that the law and facts of this case support granting summary judgment in favor of The Pub.

On the other hand, defendant, The Pub, has requested an award of attorney's fees. While plaintiff's theories have not prevailed, we find no evidence of bad faith or improper conduct on the part of plaintiff in advancing these arguments and therefore we refuse to award attorney's fees to the defendant, The Pub.

## MOTION FOR SUMMARY JUDGMENT OF TOWN AND COUNTRY

After leaving The Pub, Bickhart and Conner proceeded to Eddie's Town and Country, where they consumed an additional one or two bottles of beer. The record reveals that the parties were present at Town and Country for a relatively short period of time. Bickhart testified that Conner and

himself drank considerably more alcohol after leaving Town and Country and "got drunk" at the Towne Crier, the third tavern they visited that night.

Defendant, Max W. Doebler t/a Eddie's Town and Country, in his new matter, has alleged that Bickhart and Conner did not exhibit signs of visible intoxication while patrons at Town and Country. Plaintiff did not deny those allegations in his reply.

In view of the above, we find that plaintiff has failed to present sufficient facts to sustain a cause of action against Town and Country for serving a visibly intoxicated person in violation of the liquor code.

Plaintiff also maintains that the Town and Country should be found negligent on the theory of serving a person of "known intemperate habits." We discussed the same issue in our review of the motion for summary judgment filed by The Pub. Our ruling upon The Pub's motion is equally applicable to Town and Country. Absent a showing that a person was served intoxicants while visibly intoxicated, it is clear that no cause of action has been established. Further, plaintiff failed to set forth a sufficient factual basis to warrant a finding that the owners, or employers, of Town and Country knew, or should have known, that Bickhart was a person of "known intemperate habits."

Finally, we deny Town and Country's demand for attorney's fees for the same reasons as those given in the case of The Pub.

## MOTION FOR SUMMARY JUDGMENT OF THE CITY OF SUNBURY AND STEVEN BROWN

Plaintiff demands that the City of Sunbury and Officer Steven Brown should be held liable for dam-

ages due to the negligence of Steven Brown. Steven Brown was an officer with the Sunbury Police and on duty at the time of the accident.

After Conner and Bickhart left the third of the four taverns frequented that night, their vehicle was stopped by officer Brown. The officer had observed defendant Bickhart driving in an erratic manner. After a brief discussion, Officer Brown issued defendant Bickhart a citation for reckless driving and then allowed him to continue driving.

Plaintiff contends that defendant Bickhart's intoxicated condition was apparent, or should have been apparent, to Officer Brown, and that Officer Brown was negligent by failing to prevent or stop defendant Bickhart from driving any further. Plaintiff argues that Officer Brown should have known of Bickhart's obvious condition, and that Bickhart at that point was unfit to drive and a menace to others upon the highway. Plaintiff asserts that Officer Brown's failure to carry out his duty to enforce the laws of this commonwealth constituted willfull misconduct.

Plaintiff further argues that in the event Officer Brown is found to be liable for plaintiff's injuries, under section 8548(a) of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8548(a), the local agency must reimburse the employee for the payment of any judgment. Thus, as an indemnitor, the City of Sunbury is a necessary party and must be joined under Pa.R.C.P. 2229(b).

Plaintiff also contends that even if the City of Sunbury is found to be immune from liability, the "willfull misconduct" of Officer Brown leaves him without the co-extensive shield of immunity. The issue then becomes whether or not Officer Brown is entitled to immunity in the instant action.

Plaintiff characterizes Officer Brown's relation-

ship with plaintiff on the evening in question as one constituting a "special relationship." Plaintiff argues that this special relationship can be demonstrated by:

(1) The fact that Officer Brown was aware of plaintiff's particular condition at that point.

(2) That Officer Brown knew or should have known of the potential for particular harm which plaintiff suffered, and

(3) That Officer Brown voluntarily assumed the duty as an officer to protect plaintiff from the precise harm which occurred.

On the other hand, the City of Sunbury argues that it is immune from liability in the instant case by application of the Political Subdivision Torts Claims Act, 42 Pa.C.S. §8548, unless plaintiff can demonstrate that one of the eight exceptions to immunity, as specifically enumerated, applies to the facts of this case.

We find that plaintiff has demonstrated that the facts of this case fall within one of the exceptions to immunity, specifically, 42 Pa.C.S. §8542(b)(1) which states:

"*Vehicle Liability* — The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water, etc."

Viewing the facts in a light most favorable to the nonmoving party, i.e., plaintiff, we note that plaintiff claims Bickhart was visibly intoxicated when his vehicle was stopped and under the control of Officer Brown at the time of the issuance of the citation. The factual basis supports an inference that Bickhart was visibly intoxicated at that time, and Officer Brown, in fact, issued a citation to Bickhart

for reckless driving. Further, the vehicle was clearly under Officer Brown's control and subject to his direction at the time of the reckless driving arrest. Brown had probable cause and could have ordered Bickhart to refrain from driving, or impound the vehicle. However, the officer permitted Bickhart to drive away after issuing the citation.

When the vehicle was under the control of Officer Brown, as an employee, agent of the City of Sunbury, the vehicle was accordingly under the control and possession of the City of Sunbury.

Plaintiff also claims a breach of duty toward plaintiff on the part of Officer Brown and the City of Sunbury, based upon the "special relationship" theory.

Generally, there is no duty resting upon a municipality to provide police protection to any particular person. However, where circumstances establish that a "special relationship" exists between the parties, an exception to the general rule may be found and affirmative duty to act will be imposed upon the municipality. *Melendez v. City of Philadelphia,* 320 Pa. Super. 59, 466 A.2d 1060 (1983). We find sufficient allegations on the record to support the existence of a "special relationship" in the instant case.

First, Officer Brown was aware of plaintiff's particular situation at the time. Second, Officer Brown had or should have had knowledge of the potential for particular harm which was suffered by plaintiff. Third, Officer Brown assumed a duty to protect plaintiff by stopping the vehicle and taking control of the vehicle. Officer Brown was aware or should have been aware of the intoxicated state of the driver, defendant Bickhart.

We note that the allegations in this case do not concern an alleged failure by police to protect a certain place or area, as in *Casey v. Geiger,* 346 Pa. Su-

per. 279, 499 A.2d 606 (1985) and *Berlin v. Drexel University*, 10 D.&C.3d 319 (1979). Rather, the allegations of the instant case involve direct, first-hand knowledge by the police of the potential for a particular harm, which was the harm eventually suffered by plaintiff in the resultant one-car accident. Additionally, the police officer was in a position to act immediately to mute the potential for harm, as opposed to the kind of standard of care and duty that would rest upon a police officer in a situation where the potential for harm was of a general nature, such as a dangerous intersection, etc.

In the instant case the police were not being asked to prevent every possible accident due to every intoxicated driver. Rather, the duty herein related specifically to one driver, Bickhart.

Therefore, in reviewing the evidence in a light most favorable to the nonmoving party, we deny the motion for summary judgment filed by Officer Steven Brown and the City of Sunbury.

### ORDER

And now, this December 4, 1986, we issue the following order:

Motion for summary judgment of Wayne A. Moyer and Ruth L. Moyer, t/a The Pub is granted.

Motion for summary judgment of Max W. Doebler, t/a Eddie's Town and County Bar is granted.

Motion for summary judgment of Steven Brown, and the City of Sunbury is denied.