527 A.2d 508

James J. MATTHEWS, Jr., and Isabelle R. Matthews, Administrator of the Estate of James Thomas Matthews, Deceased,

v.

John KONIECZNY

and

J–B Beverage Distributor, Inc. and Paul and Gloria Berkowitz.

Appeal of John KONIECZNY.

Christina MANCUSO, a minor by her parent and natural guardian, Louise SMITH, individually and in her own right, Appellants,

v.

Richard Dennis BRADSHAW, and Gary D. Ford, and Davis Ford, and Friels, Inc., d/b/a Friel's Beverage, Appellees.

Supreme Court of Pennsylvania.

Argued April 16, 1986.

Decided June 2, 1987.

108

Joseph F. VanHorn, Jr., Bruce W. McCullough, Marshall A. Bernstein, Stewart J. Eisenberg, Philadelphia, for appellants.

Alan M. Herman, Philadelphia, for amicus—PA Trial Lawyers Ass'n.

Jeffrey M. Stopford, Media, for James J. Matthews.

Henry J. Lunardi, Broomall, for Paul & Gloria Berkowitz.

James M. Marsh, Kean K. McDonald, Lois Anne Wood, Philadelphia, for J–B Beverage Co.

Edward J. Carney, Media, for Bradshaw & the Fords.

George J. McConchie, Media, for Friel's, Inc., etc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

Though arising from unique factual circumstances these matters were consolidated because of the common issues they raise. The basic issue is whether a commercial licensee of alcoholic beverages can be liable to a person injured as a result of service of alcohol to a minor. A corollary issue is whether a statutory immunity is effective when the sale of alcohol was to a minor. Both matters are here by grant of allocatur from the Superior Court's affirmance of summary judgments entered by the Court of Common Pleas of Delaware County.

The facts and procedural history of the respective cases are as follows.

### No. 120 E.D. Appeal Docket 1985

On December 8, 1979, Matthew Capriotti, then seventeen years old, purchased a case of beer from appellee, J–B Beverage Distributors, Inc. He was able to purchase the beer without being asked for verification as to his age. At the time of the purchase Capriotti was not intoxicated or under the influence of drugs.

While Mr. Capriotti purchased the beer another minor, James J. Matthews, Jr., waited in a car outside of the distributorship. Mr. Matthews never entered the store and was never seen by the owners of the store.[1] However, Matthews along with a third minor, John Konieczny, had contributed the money for the purchase of the beer.

After Capriotti returned to the car with the beer he and Matthews drove to Konieczny's house to pick him up. The three minors, along with three additional youths, then proceeded to drive around and drink the beer. At some point during their foray John Konieczny elected to be the driver. At that time Konieczny had already consumed five or six sixteen ounce beers. Shortly after he began driving, Kon-

---

1. The owners of J–B Beverage were Paul and Gloria Berkowitz, who were named as individual defendants to this action. They are also appellees herein.

ieczny lost control of the car and struck a tree. Unfortunately, James J. Matthews, Jr., died as a result.

The administrators of the estate of James Matthews, Jr., initiated an action in trespass against John Konieczny, J–B Distributors, Inc., as well as Paul and Gloria Berkowitz. The claim against Konieczny was based on his alleged negligence in driving the car; the claims against J–B Distributors and the Berkowitzes were based upon their alleged failure to determine the age of the purchaser, and in selling alcohol to a minor. Accompanying his answer Konieczny filed cross-claims against J–B Distributors and the Berkowitzes, repeating the allegations made in the Matthews complaint.

J–B Distributors, and Mr. and Mrs. Berkowitz eventually filed motions for summary judgment against plaintiff Matthews and Konieczny. As noted above these motions were granted and that decision was affirmed by the Superior Court.

### No. 121 E.D. Appeal Docket 1985

William McGee (date of birth: August 2, 1961) purchased a case of beer from the defendant, Friel's Beverages, Inc., on March 6, 1981. Thereafter, approximately two (2) six-packs of the beer purchased from the defendant, Friel's Beverages, Inc., were consumed by the defendant, Richard Bradshaw (date of birth: September 16, 1962).

On March 6, 1981, at approximately 9:45 P.M., the defendant, Richard Bradshaw, was operating a motor vehicle that was involved in an accident with another motor vehicle operated by the plaintiff, Christina Mancuso. Defendant, Richard Bradshaw was intoxicated and unfit to operate a motor vehicle at the time of the accident in question which caused the injuries sustained by the plaintiff. A breathalyzer test was administered to defendant, Richard Bradshaw, following the accident and revealed a blood alcohol level of .20%.

The Complaint against the defendant, Friel's Beverages, Inc., avers that said defendant sold alcoholic beverages to a

minor and that the sale of these beverages was the proximate cause of the accident. There is no proof that William McGee was visibly intoxicated at all times material to this cause of action.[2]

Christina Mancuso and Louise Smith, individually and in her capacity as parent and guardian, initiated an action in trespass against Richard Dennis Bradshaw, Gary D. Ford, and Doris Ford and Friel's, Inc. The claim against Bradshaw was based on his alleged negligence in driving the car; the claim against the Fords was based on their alleged negligence in permitting Ford to operate their car while intoxicated; and the claim against Friel's Beverages, was based upon failure to determine the age of the purchaser, and in selling alcohol to a minor.

Defendant, Friel's Beverages, filed a motion for summary judgment against plaintiffs. As in the *Konieczny* matter this motion was granted, and that decision was affirmed by the Superior Court. 338 Pa.Super. 328, 487 A.2d 990.

The threshold issue in these cases is whether a commercial licensee of alcoholic beverages can be held liable for damages caused by the service of alcohol to a minor.

In *Congini v. Portersville,* 504 Pa. 157, 470 A.2d 515 (1983), this Court held that a social host who serves alcohol to a minor "can be held liable for injuries proximately resulting from the minor's intoxication." *Id.,* 504 Pa. at 163, 470 A.2d at 518. In the case of *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521 (1986), which we have decided this day, we reaffirmed our decision in *Congini,* and held that "the service of any alcohol to a minor" constitutes a breach of duty. Thus, we have already indicated that serving alcoholic beverages to a minor can form the basis of a finding of liability.

Appellees, however, seek to distinguish *Congini,* in that the present cases involve liquor licensees as opposed to a social host; and that the injured parties were not the persons to whom the beverages were served, as was the

2. This recitation of facts was stipulated to by the parties below.

case in *Congini.* These proposed distinctions are not compelling and they ignore the underlying rationale of our decision.

Firstly, the fact that *Congini,* involved a non-licensee while the present cases involve licensees is of little consequence. The *Congini* decision was grounded upon the *per se* negligence involved in an adult dispensing alcohol to a minor in violation of the Crimes Code. Since the Code's provisions apply with equal force to licensees as well as non-licensees, the rationale of *Congini* is equally applicable here. To hold otherwise would be to condone the anomalous situation whereby persons who sell alcohol are held to a lesser standard of care than the public at large. Such a situation can not be permitted, especially since those who sell alcoholic beverages can always protect themselves from liability by simply verifying the age of their customers.[3]

As to appellees' second proposed distinction, there is nothing in *Congini* which implies that we intended the liability of a person who serves a minor to be limited to the person served. Indeed such an interpretation contradicts the obvious rationale of the General Assembly in prohibiting the service of alcohol to minors, i.e., "to protect both minors *and the public at large* from the perceived deleterious effects of serving alcohol to persons under twenty-one years of age." *Congini, id.,* 504 Pa. at 163, 470 A.2d at 518 (emphasis supplied).

Thus, although the facts in *Congini* did not implicate a third party, the rationale expressed therein would definitely

---

**3.** The General Assembly has supplied licensees absolute immunity from liability in instances where the licensee has taken good faith efforts to verify a prospective customer's age. The Liquor Code provides that in the case of a customer whose age may be in question a statutorily prescribed statement may be executed by the customer; and that statement

may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith.

47 P.S. § 4–495(e). Nothing we say today is intended to affect this statutory immunity.

permit a third party suit brought by one injured as a result of service to a minor.

Appellees also argue that because the ultimate actors in these accidents, i.e., John Konieczny and Richard Bradshaw, were not known to them at the time of the sale, that they owed no duty to them, and therefore no negligence action can lie. We cannot accept this argument.

The requisite elements of a negligence action are well recognized. They are:

a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; a failure to conform to the standard required; a causal connection between the conduct and the resulting injury; and the actual loss or damage resulting to the interest of another.

*Morena v. South Hills Health System*, 501 Pa. 634, 642 fn. 5, 462 A.2d 680, 684 fn. 5 (1983) (citations omitted).

 As was made clear in *Congini*, the duty of adults engaged in serving alcoholic beverages extends beyond the minor to whom the liquor was served; it also encompasses those who may be affected by the illegal service. Although the chain of events leading up to the damage inflicted is certainly relevant on the issue of causation, that is a separate issue from whether appellees' actions constituted negligence; for it is the service of a minor in violation of the statutorily dictated duty which forms the basis of a finding of negligence.[4] Accord, *Orner v. Mallick, supra.*

 Thus, we conclude that as a matter of common law a commercial licensee of alcoholic beverages can be held liable to a third person for damages proximately caused by the service of alcohol to a minor.[5] We emphasize, however,

---

**4.** However, as we emphasized in *Congini v. Portersville*, 504 Pa. 157, 470 A.2d 515 (1984), a finding of negligence *per se* does no more than satisfy a plaintiff's burden of establishing defendant's negligence. It does not end the inquiry; for the plaintiff still bears the burden of establishing causation. *Id.*, 504 Pa. at 163 n. 4, 470 A.2d at 518 n. 4.

**5.** Our holding today is consistent with the national trend in cases of this sort. *See Morris v. Farley Enterprises, Inc.*, 661 P.2d 167 (Alsk.

that such liability is not absolute and/or irrebuttable; and, as we explained in *Congini,* the defendants in a suit such as this can, where applicable, attempt to establish the comparative negligence of the actor(s) involved. *Congini,* 504 Pa. at 163, 470 A.2d at 518.

■ Our inquiry is not, however, at an end, for appellees contend that regardless of whether a common law cause of action exists the General Assembly has granted them an immunity from third party suits in all cases where the party served was not visibly intoxicated. This argument was accepted by the Superior Court.[6] We, however, reject it.

The immunity which appellees seek to proffer is contained in section 4–497 of the Liquor Code.[7] It provides:

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe (sic) when the said customer was visibly intoxicated.

47 P.S. § 4–497.

In instances where the terms of a statute are in issue we are assisted in our analysis by the Statutory Construction Act of 1972.[8] Section 1903(a) of that Act provides:

(a) Words and phrases shall be construed according to rules of grammar and according to their common and

1983); *Brannigan v. Raybuck,* 136 Ariz. 513, 667 P.2d 213 (1983); *Michnik-Zilberman v. Gordon Liquors, Inc.,* 14 Mass.App. 533, 440 N.E.2d 1297 (1982) aff'd, 390 Mass. 6, 453 N.E.2d 430 (1983); *Kvanli v. Watson,* 272 Minn. 481, 139 N.W.2d 275 (1965); *Freeman v. Finney,* 65 N.C.App. 526, 309 S.E.2d 531 (1983) review denied, 310 N.C. 744, 310 N.C. 748, 315 S.E.2d 702 (1984); *Porter v. Ortiz,* 100 N.M. 58, 665 P.2d 1149, *cert. quashed,* 100 N.M. 53, 665 P.2d 809 (1983); *Sorensen v. Jarvis,* 119 Wisc.2d 627, 350 N.W.2d 108 (1984); *McClellan v. Tottenhoff,* 666 P.2d 408 (Wyo.1983). *See also* collected cases *Congini v. Portersville,* 504 Pa. 157, 161–162, 470 A.2d 515, 517 (1983).

6. *Matthews v. Konieczny,* 338 Pa.Super. 504, 488 A.2d 5 (1985); *Mancuso v. Bradshaw,* 338 Pa.Super. 328, 487 A.2d 990 (1985).

7. Act of April 12, 1951, P.L. 90 art. I § 101.

8. Act of December 6, 1972, No. 290 § 3.

approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S. § 1903(a). In addition, Section 1922 provides in relevant part:

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

. . . . .

(5) That the General Assembly intends to favor the public interest as against any private interest.

1 Pa.C.S. § 1922(1); (5). With these rules in mind we turn to an examination of section 4–497.

In the context of this case the operative word in section 4–497 is "customer." The Superior Court interpreted this word broadly, to encompass anyone who would enter a licensee's establishment. The question before us is whether a narrower definition was intended.

Initially we note that the word "customer" is not defined in the Liquor Code,[9] nor in the general definition section of the Consolidated Statutes.[10] Therefore we must consult secondary sources.

In Black's Law Dictionary the term "customer" is defined as:

One who *regularly* or *repeatedly* makes purchases of, or has business dealing with a tradesman or business house; ordinarily one who has *repeated* business dealings with another; A buyer, purchaser or patron.

Black's Law Dictionary, Fifth Ed., p. 348 (1979) (citations omitted, emphasis supplied.). The Oxford Dictionary pro-

---

**9.** *See* 47 P.S. § 1–102.

**10.** *See* 1 Pa.C.S. § 1991.

vides a similar definition. *See* Oxford English Dictionary, Volume II, p. 1285 (1933).

Thus, although a single exchange can qualify one as a "customer", the word connotes at least a capacity to regularly engage in transactions.

It is beyond question that in Pennsylvania minors do not have the legal capacity to regularly engage in transactions with purveyors of alcoholic beverages. Therefore, unless one accepts the rather absurd idea that the General Assembly intended to include within a statutory immunity those without capacity to legally engage in the described transactions, one must accept the conclusion that the immunity was intended only for service to legally competent customers.

Appellees, however, contend that an interpretation of the word "customer" which limits its meaning to "legal customer" is precluded by the interplay between sections 4–493(1) and 4–497 of the Code.

Section 4–493(1) provides in pertinent part that it shall be unlawful

For any licensee or the board, or any employe (sic), servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits.

47 P.S. § 4–493(1). Appellees argue that the exception in section 4–497, which limits its applicability when the customer served was "visibly intoxicated", becomes redundant if the term "customer" is limited to "legally competent customer", since section 4–493 already makes it unlawful to serve a visibly intoxicated person. Therefore, appellees argue, in order to give effect to all terms of the statute "customer" was intended to have a broader meaning, so as not to render obsolete the explicit exception provided in section 4–497.

Appellees argument fails, for it ignores the touchstone by which we have determined who is and is not a legal customer. While it is true that section 4–493(1) describes unlawful customers under the Liquor Code,[11] our interpretation of legal customer is derived from the Crimes Code, the terms of which also apply to licensees, and which were known to the General Assembly when it approved this immunity. We simply cannot accept the contention that the General Assembly intended to provide immunity from suit to licensees who conduct their businesses in violation of the Crimes Code. Such a broad immunity would be without a rational basis, and certainly contrary to public policy. Therefore we hold that the statutory immunity provided in section 4–497 of the Liquor Code may not be asserted by a licensee unless the customer in question was of legal age.[12]

For the above stated reasons we reverse the order of the Superior Court and remand these cases to the Court of Common Pleas of Delaware County.

HUTCHINSON, J., files a concurring opinion.

NIX, C.J., and ZAPPALA, J., file dissenting opinions.

HUTCHINSON, Justice, concurring.

I concur in the result reached by the majority. I write separately to set forth my belief that liability in this case

11. The Liquor Code provides its own sanctions for violation of section 4–493(1). *See* 47 P.S. §§ 4–471; 4–494. The existence of these sanctions however cannot be construed as preempting the imposition of civil liability when the statutory violation which forms the basis of a finding of negligence *per se* is separate and apart from the Liquor Code. This fact is implicitly recognized in the statutory immunity provided in section 4–495(e), 47 P.S. § 4–495(e). *See* footnote 3 *supra.*

12. Prior to our decision today the prevailing law on the proper application of section 4–497 was contained in the Superior Court decision of *Simon v. Shirley,* 269 Pa.Super. 364, 409 A.2d 1365 (1979). In that decision the court held that the grant of immunity was effective even when the customers were minors. Obviously our decision today renders that interpretation nugatory. We note that, adhering to the doctrine of *stare decisis,* the lower courts in the present case found *Simon v. Shirley, id.* to be controlling. As a matter of jurisprudence that was a sound decision, and we in no way intend our reversal of their decision to be interpreted as a criticism of their scholarship.

should not be premised on our decision in *Congini by Congini v. Portersville,* 504 Pa. 157, 470 A.2d 515 (1983), and its interpretation of certain sections of the Crimes Code, namely 18 Pa.C.S. §§ 306 and 6308, in terms of negligence *per se,* but on the policy of this Commonwealth with respect to sales of alcoholic beverages to minors, as expressed in Article IV of the Liquor Code, 47 P.S. §§ 4–401–4–497.

In *Congini, supra,* we allowed a cause of action against a social host for the injuries suffered by a minor guest after the host served the minor with intoxicants to the point of inebriation. We based the liability of a social host for serving an intoxicated minor on the provisions of the Crimes Code, 18 Pa.C.S. § 306, imposing sanctions on accomplices, coupled with 18 Pa.C.S. § 6308 making it a summary offense for a person under 21 years of age to purchase, consume or transport alcohol. Thus, the *Congini* analysis is based on negligence *per se* arising out of the Crimes Code. The definitions of offenses and concomitant penalties in the Liquor Code itself offer a more suitable and specific alternative for the imposition of liability on licensees who serve alcohol to minors.

Both of these cases are before us by allowance of appeals from summary judgments entered in favor of defendant beer distributors (appellees here) by Common Pleas and affirmed by Superior Court. In both instances, appellees had sold quantities of beer to individual minors with apparent disregard of their responsibilities as licensees to verify the age of the purchasers and to maintain a record thereof pursuant to Section 495 of the Act of April 12, 1951, P.L. 90 (Liquor Code), *as amended,* 47 P.S. § 4–495 (Supp.1986). The pertinent language reads:

(b) [An] identification card shall be presented by the holder thereof upon request of any State Liquor Store or any licensee, or the servant, agent or employe thereof, for the purpose of aiding such store, licensee, or the servant, agent or employe to determine whether or not such person is twenty-one years of age and upwards, when

such person desires alcoholic beverage at a State Liquor Store or licensed establishment.

(c) In addition to the presentation of such identification card, the agent of the State Liquor Store or the licensee or his servant, agent or employe, shall require the person whose age may be in question to fill in and sign a card in [a prescribed] form....[1]

47 P.S. § 4–495(b) and (c) (Supp.1986).

The language of subsections (b) and (c) is mandatory and these mandates are reinforced by Section 494 of the Code, 47 P.S. § 4–494, *infra* at 122, which makes it a misdemean-

1. The form prescribed in the statute reads:

——, 19—

I, ————, hereby represent to ————, a State Store or licensee of the Pennsylvania Liquor Control Board, that I am of full age and discretion and over the age of 21 years, having been born on ————, 19—, at ————. This statement is made to induce said store or licensee above named to sell or otherwise furnish alcoholic beverages to the undersigned.

Serial Number of Identification Card:

I understand that I am subject to a fine of $300.00 and sixty days imprisonment for any misrepresentation herein.

————————————
(Name)

————————————
(Address)

Witness:
Name ——————
Address ——————

Such statement shall be printed upon a 3 inch by 5 inch or 4 inch by 5 inch file card, which card shall be filed alphabetically by the State Liquor Store or licensee, at or before the close of business on the day of which said certificate is executed, in a file box containing a suitable alphabetical index, and which card shall be subject to examination by any officer, agent or employe of the Liquor Control Board at any and all times.

or to violate the provisions of Article IV (sections 401–497).[2]

In *Matthews v. Konieczny and J–B Beverage Distributors, Inc.,* No. 120 E.D. Appeal Docket, 1985, the original plaintiffs were the administrators of a deceased minor who contributed funds for the purchase of the beer which intoxicated his fellow purchaser and companion driver, the appellant here, who had joined J–B Beverage Distributors and Paul and Gloria Berkowitz as additional defendants below. In *Mancuso by Smith v. Bradshaw, Ford, Ford and Friel's, Inc.,* No. 121 E.D. Appeal Docket, 1985, the appellant is the parent and natural guardian of a minor who was brain damaged in an accident with another vehicle operated by an intoxicated minor.[3] This latter minor purchased two of the four six-packs originally sold by Friel's to yet another minor, who is not a party to this suit.

The criteria for the grant of summary judgment are set forth in the Rules of Civil Procedure:

Rule 1035. Motion for Summary Judgment

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to inter-

---

**2.** Compliance with the foregoing subsections might, under these circumstances, have provided the licensees with a defense sufficient to support a summary judgment in their favor. Section 495(e) provides:

(e) The signed statement in the possession of a licensee or an employe of a State Liquor Store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith.

47 F.S. § 4–495(e) (Supp.1986).

**3.** These facts have been stipulated in connection with the Motion for Summary Judgment. The original complaint filed in the Delaware County Court of Common Pleas also alleges that the intoxicated driver was an employee of the distributor appellee and was driving the appellee's vehicle. Reproduced Record, Complaint in Trespass at 2.

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

Pa.R.C.P. 1035. For purposes of the Motion for Summary Judgment the facts in both cases were set forth by stipulation. Thus, there are no genuine issues of fact to impede the grant of appellees' motion for summary judgment. However, it is far from clear that appellees, as licensed beer distributors, are entitled to such a judgment as a matter of law in view of the prohibition against selling or serving intoxicating beverages to minors in Section 493 of the Liquor Code:

The term "licensee", when used in this section, shall mean those persons licensed under the provisions of Article IV, unless the context clearly indicates otherwise.

It shall be unlawful—

(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits.

47 P.S. § 4–493(1). Moreover, violations of these strictures are criminal offenses under the provisions of Section 494 of the Code:

(a) Any person who shall violate any of the provisions of this article, except as otherwise specifically provided, shall be guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars ($100), nor more than five hundred dollars ($500), and on failure to pay such fine, to imprisonment for not less than one month, nor more than three months, and for any subsequent offense, shall be sentenced to pay a fine not less than three hundred dollars ($300), nor more than five hundred dollars ($500), and to

undergo imprisonment for a period not less than three months, nor more than one year.

(b) The right of the board to suspend and revoke licenses granted under this article shall be in addition to the penalty set forth in this section.

47 P.S. § 4–494.

Based on the Superior Court opinion in *Simon v. Shirley,* 269 Pa.Superior Ct. 364, 409 A.2d 1365 (1979), appellees argued below that they were entitled to summary judgment because of the language added to the Liquor Code by Section 1 of the Act of December 22, 1965, P.L. 1144, § 1, which provides:

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was visibly intoxicated.

47 P.S. § 4–497. This provision exempts a licensee from liability to third persons for injuries inflicted by the licensee's "customers" away from the licensed premises. It does not exempt the licensee from liability to its customers who themselves suffer damages as the consequence of the licensee's furnishing them with liquor, malt or brewed beverages nor does it exempt the licensee from liability to third parties who are injured by the licensee's customers on the licensee's premises. The licensee in *Matthews* is, therefore, patently not entitled to summary judgment on this ground because the deceased minor was not a third party but an active participant in the purchase of beer from J–B Beverage Distributors, Inc. *See Connelly v. Ziegler,* 251 Pa.Superior Ct. 521, 380 A.2d 902 (1977).

Licensees in this case further contend that the above section wholly immunizes them against any suit by a third party who suffers injuries at the hands of an intoxicated minor unless the minor was "visibly intoxicated" at the time he was served. They contend that the term "customer"

must include a minor and point to the provisions of Section 493 of the Liquor Code, 47 P.S. § 4–493, prohibiting sales not only to minors but also to visibly intoxicated persons and others, as showing that the legislature knew how to impose sanctions upon persons serving minors by expressly including them in that section.

The difficulty with this argument is that a broad definition of the term "customer," which would include minors in the immunity section, renders meaningless the provisions of Section 495(e), 47 P.S. § 4–495(e), providing a licensee who inadvertently serves the minor with a defense to any civil or criminal action if he obtains a certification in the prescribed form by the minor that he is in fact of an age which permits the serving of alcoholic beverages. We are required by the Rules of Construction to give effect to all of the provisions of a statute. 1 Pa.C.S. §§ 1921(a) and 1922(2). Appellees' interpretation of Section 497 would reduce Section 495(e) to mere surplusage and require us to ignore the statutorily enacted Rules of Construction. *See* discussion, *infra,* at 517.

In *Mancuso,* on the other hand, the minor appellant is an innocent third party. In this case, we are confronted with the question addressed by the majority: Did the General Assembly intend that a licensee should summarily be excused from liability for injuries to a member of a protected class (minors) by an unlawful transaction between that licensee and another minor?

We are directed by the pertinent language of the Rules of Construction in Title 1 of the Consolidated Statutes:

> (a) Object and scope of construction of statutes.—The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. *Every statute shall be construed, if possible, to give effect to all its provisions.*

1 Pa.C.S. § 1921(a) (emphasis added).

> In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

(2) That the General Assembly intends the entire statute to be effective and certain.

. . . .

(5) That the General Assembly intends to favor the public interest as against any private interest.

1 Pa.C.S. § 1922.

It follows that we must read the provisions of Section 497 in such a manner as to give effect to the prohibitions of Section 493, which make it unlawful for a licensee or any other person to sell or give alcoholic beverages "to any minor," if it is possible to do so. Section 497 was added to the Liquor Code by the Act of December 22, 1965, P.L. 1144, § 1. Its language refers to "licensees" and "customers." It does not refer to minors who were ineligible to purchase alcoholic beverages under the 1939 Penal Code, Act of June 24, 1939, P.L. 872, §§ 675, 675.1, 676, the 1951 Liquor Code and continue to be ineligible under the present Crimes Code, 18 Pa.C.S. § 6308. *See also* 18 Pa.C.S. §§ 6307, 6309, 6310.

There is no reason to believe that the General Assembly intended Section 497 to subsume "minors" in the term "customer" without some language in the latter section expressly repealing the ban on those sales in the earlier sections of the Liquor Code. Rather, I am constrained to believe that the General Assembly was in 1965, and still is today, deeply concerned with the protection of minors both from their own follies and those of their contemporaries. It is readily foreseeable that the unlawful sale of beer to a single minor carries with it substantial risk that the beer will reach and affect others in the same age group and these concerns were addressed by the drafters of the Liquor Code. For these reasons, I see no need to invoke the broader language of section 306 of the Crimes Code, to make a licensee an accomplice of these minors.

Moreover, as we have noted, *supra* at 120–122, the Liquor Code provides a means for a licensee to protect himself

from civil and criminal prosecutions when he has acted in reliance on the representations of an eager purchaser's age. Friel's, Inc.'s failure to avail itself of these protections precludes it from obtaining summary judgment. For these reasons, I believe the majority acted correctly in reversing Superior Court.

NIX, Chief Justice, dissenting.

In *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983), this Court, based on sections 306 and 6308 of the Crimes Code, 18 Pa.C.S. §§ 306 and 6308, concluded that a social host who, knowingly or with reason to know, serves alcohol to a minor can be held liable for injuries to that minor where intoxication is found to be the legal cause of those injuries. From that rather straightforward and carefully circumscribed holding the majority proceeds today far beyond the authority provided by *Congini*, as well as the traditional rules governing tort liability, to provide a theory for recovery to the instant plaintiffs.

In *Congini* the basis of the duty of the social host to the minor was, as stated above, predicated on sections 306 and 6308 of the Crimes Code. Read together these sections prohibit an adult from furnishing liquor to a minor and make both the host and the minor criminally culpable. Thus, in *Congini*, the social host was held to be negligent *per se.*

Under well established common law principles of negligence the standard of care may be prescribed by statute and the social host's violation of that statutory directive supplies the breach of the duty owed. *Congini; see, e.g., Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965); *Kaplan v. Philadelphia Transportation Co.*, 404 Pa. 147, 171 A.2d 166 (1961); *Corcoran v. McNeal*, 400 Pa. 14, 161 A.2d 367 (1960); *Ashworth v. Hannum*, 347 Pa. 393, 32 A.2d 407 (1943). Since the legislative purpose was premised upon a conclusion that a minor was incompetent to ingest alcoholic beverages and that the consumption of such substances was likely to cause injury to himself or to others as

a direct result of such consumption, the duty element was properly found to have been satisfied in *Congini.* 504 Pa. at 162, 470 A.2d at 517–18. Since the injury to the minor in *Congini* was the direct result of the consumption, *i.e.,* driving in an intoxicated condition, the causal relationship was also clear. *Id.* 504 Pa. at 163, 470 A.2d at 518. Thus, it was appropriate for this Court under the facts presented in *Congini* to find that the complaint had alleged a valid cause of action under a theory of negligence.

However, the facts presented in the instant appeals differ significantly from the factual setting in *Congini.* In each instance in these appeals the suppliers were liquor licensees, not social hosts. Also, in the instant cases the injury was not sustained by the minor nor did it occur to a third party as a direct result of the consumption by the minor. Both of these distinctions are critical and require a finding that a valid cause of action has not been stated.

To say as the majority does that "the fact that *Congini,* involved a non-licensee ... is of little consequence," at 511, ignores a clear legislative direction to the contrary. The legislature has expressly preempted the regulation of a liquor licensee under the Liquor Code ("Code"). Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 1–101 *et seq.* In section 493(1) of the Code,[1] the selling, furnishing or giving alcoholic beverages to a minor has been defined as an unlawful act. The Code also sets forth, in section 494, the penalty for the violation of that provision. 47 P.S. § 4–494. Within the same statutory scheme, the legislature in its wisdom has expressly limited liability of licensees for damages to third parties by providing as follows in section 497:

1. Section 493(1) provides that it shall be unlawful:
 For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits. 47 P.S. § 4–493(1).

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was *visibly intoxicated.* (Emphasis added.) 47 P.S. § 4–497.

There is presently no allegation that the minors who purchased the alcoholic beverages in these cases were "visibly intoxicated", thus under this provision no civil liability can attach. The majority's attempt to avoid the obvious impact of this provision by its convoluted interpretation of the word "customers" is singularly unimpressive. In section 493(1) the legislature expressly sets forth those persons to whom a licensee was prohibited from furnishing alcoholic beverages. Each group was expressly enumerated, *i.e.,* (a) persons visibly intoxicated, (b) insane persons, (c) a minor, (d) habitual drunkards, or (e) persons of known intemperate habits. The fact that the legislature elected to define in the same Code the limit of civil liability without enumerating the five classifications set forth under section 493(1) or at least referring to the class of persons identified within that section cannot be ignored. *See Pane v. Department of Highways,* 422 Pa. 489, 222 A.2d 913 (1966); *Cali v. City of Philadelphia,* 406 Pa. 290, 177 A.2d 824 (1962); *Commonwealth ex rel. Maurer v. Witkin,* 344 Pa. 191, 25 A.2d 317 (1942); *Appeal of St. Paul Mercury Indemnity Co. of St. Paul,* 325 Pa. 535, 191 A.9 (1937). Employing the majority's analysis each one of the five classes articulated in section 493(1) would not be a "customer" under section 497.[2] It is therefore inexplicable why the legislature would choose to express this intention in such a cryptic fashion.

2. The majority excludes a minor from the term "customer" as used in section 497 on the basis that such a sale is an illegal one. However, each of the classes set forth under section 493(1) are illegal sales and, therefore, under such reasoning, consistency would require us to conclude that members of any of these groups would not fit within the definition of "customer." If that was in fact the intention of the legislature, that position could have simply been articulated by referring back to the earlier section of the Code and expressly including all

It is obvious that a legislative judgment was made in section 497 to limit civil liability to those instances of unpermitted sales to visibly intoxicated persons because by definition the violation is obvious. The licensee at the time of serving the minor, the insane person, or the person with intemperate habits may not be aware of the disability.[3]

In addition to the majority's obfuscation of the clear mandate of section 497 of the Code, the majority "as a matter of common law" has today created a standard of care for the commercial licensee far more expansive than that announced for the social host in *Congini.* As a matter of judicial policy the majority has concluded that a licensee is not only responsible for injury that a minor may cause to himself or to others because of *his* intoxication, but also should be liable for the results of that minor's giving access to that substance to other minors who in turn may become intoxicated and cause injury to themselves or others. Thus the majority has seen fit to place upon a liquor licensee a far greater duty than that imposed upon the social host who serves a minor, even though the social host is more likely to be aware of the minority of the guest.[4]

members of that group. The fact that the legislature expressly designated persons "visibly intoxicated" clearly reflects its intention to limit the scope of that provision to that particular class.

3. Mr. Justice Hutchinson, in his concurring opinion, strains to find the licensee in the *Matthews* case not within the provisions of section 497 on the "theory" that the injured minor was an "active participant in the purchase of the beer." The customer is normally considered as the individual who in fact makes the purchase and not someone who may have assisted in providing the funds for that purchase. The strained definition of the word "customer" as used in the Code is clearly at odds with the fundamental rule of statutory construction that words are to be given their ordinary meaning. 1 Pa.C.S. § 1903; *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982); *Commonwealth v. Mumma,* 489 Pa. 547, 414 A.2d 1026 (1980). These mental gymnastics provide a gossamer veil to cloak the fact that the licensee is now being made an insurer against any untoward events resulting from such a transaction.

4. In *Congini* we limited liability to the results that may flow from the intoxication of the minor who was furnished the alcoholic beverage. The newly announced standard in effect determines that a minor, regardless of how close he may be to reaching the age of majority, is incompetent to possess such a substance. It is not, as was the case in

The majority justifies the creation of this new tort with what they term to be a national trend. *See* at 113–114 n. 5. However, in this Commonwealth the legislature has for years carefully regulated the liquor industry. At this late date I believe it inappropriate for the judicial branch to intrude into an area where the legislature has attempted to regulate all aspects of that industry. As mentioned above, it is my view that the legislature in section 497 has precluded liability as to the cases herein involved. Even if we accept the majority's interpretation of section 497 as not covering sales to minors, we should nevertheless leave to the legislative discretion the decision as to whether or not liability should be imposed and the extent of that liability. I have not been presented with any impressive demonstration that the legislative regulations are inadequate or that the safety of the public requires judicial intervention in this area.

For the foregoing reasons I am compelled to register my dissent.

ZAPPALA, Justice, dissenting.

The majority's analysis rests heavily upon the perceived public policy to protect minors and the public from the potentially deleterious effects of alcohol. Initiating its analysis with this broad statement of policy, rather than the language of the Liquor Code's provision governing the liability of licensees, assures the result that the majority seeks. While it may appear expedient to expand the liability of licensees by judicial decision beyond that imposed by the Liquor Code, it is unwise.

The majority concedes that not interpreting § 4–497 to impose civil liability upon licensees for any injuries arising

*Congini,* dependent upon the resultant intoxication from the consumption of the substance by the original minor. Under the rule announced today liability would attach even though the original minor, who may have been over 20 years of age, gave the bottle to another youth without drinking any of its contents.

from a sale of alcohol to minors would create the anomalous situation whereby licensees' liability would be more narrowly circumscribed than that of a social host. This argument is not compelling. The civil liability of a licensee is not commensurate with that of a social host because the latter is a judicially-created cause of action. The majority improperly overlays the social policy argument which prevailed in *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983) onto the Liquor Code's specific limitation of civil liability of licensees. Although the legislature may not have kept pace with the judiciary's view of public policy, as the majority clearly wishes, it is not the Court's prerogative to compel compliance with its view.

Section 4–497 limits the liability of licensees to third persons to those instances where (1) the injury occurs away from the licensed premises, and (2) the customer was visibly intoxicated while being sold or furnished with alcohol. I do not agree with the majority that "customer" should be defined as one who has a legal capacity to engage in the purchase of alcohol. The common usage of "customer" describes one who is a buyer, purchaser, or patron. "Requisite legal capacity" has been grafted onto the plain meaning of the term by the majority. The flaw in this interpretation is demonstrated by following the majority's own analysis. The majority first states that licensees have absolute immunity from liability in instances where the licensee has taken good faith efforts to verify a prospective customer's age pursuant to 47 P.S. § 4–495(e). The majority then holds that a licensee is liable to third parties for injuries sustained as a result of the service of alcohol to a minor and that § 4–497 is inapplicable because a minor is not a "legal" customer. Finally, the majority states that its holding is not intended to affect the statutory immunity contained in 47 P.S. § 4–495(e). The majority disregards the fact that the execution of a signed statement by an underage customer does not convert the minor into a person having "a capacity to regularly engage in transactions" involving alco-

hol. It cannot logically follow then from the majority's own premises that a licensee will be immune from liability to third persons if the customer is not 21 years of age.

Nor do I agree with Justice Hutchinson that the interpretation of customer to include purchasers who are minors would render meaningless the provision of 47 P.S. § 4-495(e). Section 4-495(e) provides that

> The signed statement in the possession of a licensee of an employe of a State Liquor Store may be offered as a defense in all civil or criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith.

I would interpret the language of this section to provide a defense only in criminal prosecutions for serving a minor or civil "prosecutions" such as license suspension proceedings. I do not believe this section was intended to provide a defense in tort actions and would not interpret "civil prosecutions" so expansively as to include actions brought by third parties who are injured by underage drinkers.

Even if § 4-495(e) were to be interpreted to provide a statutory immunity to licensees in tort actions, this would not necessarily reduce § 4-497 to mere surplusage. The provision of § 4-495 could be construed to provide a licensee with an absolute defense only to negligence actions brought by the *minor* himself who had purchased the alcohol. All actions by third persons would then be governed by § 4-497. Under either the majority's interpretation of the effect of § 4-495 or my narrower interpretation, both the provisions of § 4-495 and 4-497 could be given effect.

For the foregoing reasons, I would affirm the decisions of the Superior Court.